UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jerome Cox, # 25094-056 | ) | C/A No.: 9:07-cv-01114-GRA-GCK |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Donald Bauknecht, Warden, | ) | |
| FCI Williamsburg, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. Petitioner filed this action on May 3, 2007, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. The magistrate judge issued his Report and Recommendation on October 23, 2007. On December 14, 2007, this Court remanded the case back to the magistrate.

On March 13, 2008, the magistrate issued a second Report and Recommendation. The magistrate recommends that the Motion for Summary Judgment be granted in part and denied in part. Further, the magistrate recommends that Respondent's Amended Motion for Summary Judgment be granted in part and denied in part. Finally, the magistrate recommends denying Petitioner's Motion for Sanctions. For the following reasons, the Court accepts the recommendation of the magistrate.

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); see *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Petitioner did not file any objections.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Petitioner's Motion for Summary Judgment be GRANTED IN PART and DENIED IN PART, and the respondent's Amended Motion for Summary Judgment be GRANTED IN PART and DENIED IN PART.

IT FURTHER ORDERED that Petitioner's Motion for Sanctions be DENIED.

IT IS SO ORDERED.

_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March  31 , 2008

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date this Order is filed, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.