UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jerome Cox, # 25094-056 | ) | C/A No.: 9:07-cv-01114-GRA-GCK |
| | ) | |
| | ) | **ORDER** |
| Petitioner, | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Donald Bauknecht, Warden, | ) | |
| FCI Williamsburg, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Order to Vacate

This matter is before the Court for review its Order filed March 31, 2008 ruling on the magistrate's Report and Recommendation, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

## Procedural History

Petitioner filed this action on May 3, 2007, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. The magistrate judge issued his Report and Recommendation on October 23, 2007. On December 14, 2007, this Court remanded the case back to the magistrate.

On March 13, 2008, the magistrate issued a second Report and Recommendation. The magistrate recommends that the Motion for Summary Judgment be granted in part and denied in part. Further, the magistrate recommends that Respondent's Amended Motion for Summary Judgment be granted in part and

denied in part. Finally, the magistrate recommends denying Petitioner's Motion for Sanctions.

On March 31, 2008, the Court issued an order adopting the magistrate's Report and Recommendation. After the order was filed, it came to the Court's attention that the respondent filed timely objections to the Report and Recommendation. After reviewing the respondent's objections, the Court determined that it should vacate its prior order and issue a new order based on the doctrine of mootness.

### Standard of Review

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); see *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner did not file any objections. Respondent timely filed objections on March 31, 2008.

### Objections

Respondent makes two objections to the magistrate's Report and Recommendations. However, the Court will only address the second objection, because it raises the doctrine of mootness which will result in the dismissal of the petition.

In the objections, Respondent states:

> The Recommendation directs the Bureau of Prisons to immediately consider [P]etitioner for placement in a RRC in accordance with the factors set out in 18 U.S.C. § 3621(b), without consideration of the 2005 regulations. That relief has already been granted in that Petitioner has already been considered and approved for community placement. On October 10, 2007, [P]etitioner's Unit Team recommended that [P]etitioner be given 70-100 days in community confinement beginning on or about June 23, 2008. This request was forwarded to appropriate officials, who decided that [P]etitioner was approved and on January 14, 2008, staff at FPC Williamsburg were notified. Petitioner was notified of his pending release the same date. Thus, the order to consider [P]etitioner for release is moot, in that such an order would direct the Bureau of Prisons to conduct an assessment they have already performed. While this assessment was performed in accordance with the regulations at issue, the fact remains that [P]etitioner has received the assessment this recommendation would order. He has been approved for community placement on electronic home confinement to begin in June 2008. He has received the relief he sought and the matter is moot.

(Respondent's Objections 4-5) (citations and footnote omitted.)  In light of this information, the Court finds that the relief requested by Petitioner is now moot.

IT IS THEREFORE ORDERED that the Order of the Court filed on March 31, 2008 be VACATED and that the motions of the petitioner and the respondent be DISMISSED as MOOT.

IT IS FURTHER ORDERED that Petitioner's Motion for Sanctions be DENIED.

**IT IS SO ORDERED**.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
April 1, 2008

**[Notice of Right to Appeal on Following Page]**

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date this Order is filed, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.